UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

QUYNH T. PHAM                                                                                          PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:24-CV-432-DPJ-ASH

PAMELA BONDI, as Attorney
General of the Department of Justice,
and BUREAU OF PRISONS[1]                                                               DEFENDANTS

ORDER

During his stint as a teacher at a federal prison, Quynh T. Pham says his supervisors illegally discriminated against him. Compl. [1]. Defendants, the United States Attorney General and the Bureau of Prisons, move to dismiss [30]. The Court grants their motion in part but gives Pham the option to seek leave to amend.

I.      Background

In June 2014, Pham began teaching at the Federal Correctional Complex in Yazoo City, Mississippi. Compl. [1] at 11 (ECF pgs.). He was the only person of Asian descent in the prison's education department, and his supervisors allegedly treated him differently from the other employees. *Id*. Pham believes this mistreatment was because of his race and his "active union membership." *Id*.

In 2015, Pham filed a charge of discrimination with the Equal Employment Opportunity Commission, which was dismissed in June 2019. *Id*. at 10. But his administrative appeal "successfully got the case to be reopened." *Id*. Whereas his initial charge had three allegations, the amended charge—filed after reopening—listed 43 allegations. *Id*. at 11. His charge was

---

[1] The current Attorney General "is automatically substituted as a party." Fed. R. Civ. P. 26(d). The Court directs the Clerk to make this substitution on the docket.

again dismissed, and, after an unsuccessful appeal, Pham filed suit pro se in Maryland district court. *Id*.

Defendants moved the district court in Maryland to dismiss or to transfer venue. Mot. [16]. That court then transferred the case to this one under 28 U.S.C. § 1406(a). Order [23]. Once here, Defendants again moved to dismiss, or alternatively for summary judgment [30]. The motion has been fully briefed, including an unauthorized surreply [34] from Pham.

II.     Standards

Defendants seek relief under Federal Rule of Civil Procedure 12(b)(6) or alternatively under Rule 56. Defs.' Mem. [31] at 11–12. To support their motion, Defendants attach 1,079 pages of exhibits, comprised of two investigative reports with exhibits and two EEOC decisions. [31-1–31-5].

Rule 12(d) grants district courts "complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988) (citation omitted). Because Defendants' exhibits include many that are within the scope of Rule 12(b)(6), the Court will apply that rule.

When deciding a Rule 12(b)(6) motion to dismiss, the "[C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But the Court will not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Watkins v. Allstate Prop. & Cas. Ins. Co.*, 90 F.4th 814, 817 (5th Cir. 2024) (quoting *King v. Baylor Univ.*, 46 F.4th 344, 356 (5th Cir. 2022)). "Conclusory" means "[e]xpressing a factual inference without stating

the underlying facts on which the inference is based." *Black's Law Dictionary* (11th ed. 2019), *quoted in Favela v. Collier*, 91 F.4th 1210, 1213 (5th Cir. 2024).

To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

"It is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461–62 (5th Cir. 2010) (quoting *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002)). Such complaints "are liberally construed." *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). But they "must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam).

III. Discussion

Pham's Complaint lists four statutory claims: Title VII, the two whistleblower acts of 1989 and 2012, and the Equal Pay Act. Compl. [1] at 4. Before discussing those claims, the Court will consider whether the submitted exhibits should be considered.

A. The Record Evidence

Defendants attach two investigative reports and two EEOC decisions from Pham's administrative proceedings. The first report reviewed Pham's discrimination complaints. Rpt.

[30-1] (282 pages). The supplemental report examined the 43 allegations Pham recited in his Complaint. Supp. Rpt. [30-2] (352 pages), [30-3] (413 pages) (two volumes). Next, Defendants submit the EEOC's final decision in Pham's matter. EEOC 2023 Dec. [30-4] (18 pages). And the last exhibit is an EEOC order reframing Pham's initial allegations into 43 separate/discrete incidents of alleged discrimination. EEOC 2021 Order [30-5] (14 pages). Pham himself refers to some of these documents in his Response [32]. His Complaint refers to the supplemental report and to the EEOC's final decision. Compl. [1] at 11.

The Fifth Circuit allows a district court to consider documents attached to a motion to dismiss if they are "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 537 (5th Cir. 2003) (noting rule but finding error in considering documents "not central to [plaintiffs'] claims" but "much more central to [defendants'] defenses"). The Court may also consider documents subject to judicial notice, which may include EEOC documents. *Fernandez v. Am. Sugar Ref., Inc.*, No. CV 25-772, 2025 WL 2294879, at *2 (E.D. La. Aug. 8, 2025) ("A court may take judicial notice of EEOC documents as a matter of public record when deciding a Rule 12(b)(6) motion."); *Woods v. Delta Air Lines, Inc.*, No. 3:24-CV-01759, 2025 WL 966922, at *6 (N.D. Tex. Feb. 27, 2025), report and recommendation adopted, 2025 WL 963371 (N.D. Tex. Mar. 31, 2025) (considering contents of EEOC investigative file obtained by the defendant through the Freedom of Information Act in deciding motion to dismiss); *Hendrix v. iQor, Inc.*, No. 3:20-CV-437, 2021 WL 3036949, at *1 (N.D. Tex. July 19, 2021) (taking judicial notice of right-to-sue letter and granting motion to dismiss).

The Court finds it unnecessary to parse each document the parties submitted to determine whether they fall within this scope. Some do, others may not. As noted, the Court has not

converted this motion under Rule 12(d), so to the extent any of these documents are mentioned in this Order, the Court has found that they fall within Rule 12(b)(6)'s proper scope.

  B. Claims

    1. Title VII

Title VII bans workplace discrimination "based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). Defendants move to dismiss Pham's Title VII claims on three grounds: failure (in part) to exhaust administrative remedies, failure to state claims for racial discrimination and harassment, and failure to state a claim for hostile work environment. Defs.' Mem. [31].

      a. Failure to Exhaust

Like other workers, federal employees must exhaust administrative remedies before suing under Title VII. *Pacheco v. Mineta*, 448 F.3d 783, 787–88 (5th Cir. 2006) (citing 42 U.S.C. § 2000e-16(c)). To do so, Title VII plaintiffs must "fil[e] a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the alleged discrimination." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 303 (5th Cir. 2018). Defendants say one of Pham's claims—dealing with his salary classification—should be dismissed because he omitted it from his EEOC charge of discrimination.

"[T]he 'scope' of the judicial complaint is limited to the 'scope' of the *EEOC investigation* which can reasonably be expected to grow out of the charge of discrimination." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 274 (5th Cir. 2008) (quoting San*chez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970)). This requires "a 'fact-intensive analysis' of the administrative charge that looks beyond the four corners of the document to its substance." *Id.* at 273 (quoting *Sanchez*, 431 F.2d at 466). Thus, Title VII lawsuits are limited to allegations "like

or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission." *Id.*

Although Pham listed 43 allegations in his EEOC proceedings, he added a forty-fourth in his Complaint that he allegedly discovered "during the preparation for filing of this complaint in 2023." Compl. [1] at 11. Namely, he claims that "[i]n the course of preparing for this case, the plaintiff just realized that the other teachers that were hired after him, with similar job titles and background experiences, were started out as GS-9 when the plaintiff was started out as GS-7." *Id*. at 19 (No. 44).

Defendants assert that this claim remains unexhausted. Defs.' Mem. [31] at 12–14. Pham offers no substantive response, stating only that he "fulfilled this requirement twice for the current case." Pl.'s Resp. [32] at 3. Though he has been to the EEOC twice, Compl. [1] at 10–11, he admits that this claim was not included. *Id.* at 11.

Factually, Pham's GS-9/GS-7 allegations do not appear to grow from his EEOC complaints. Nothing suggests that the supervisors involved in his other claims made these decisions, and it is unclear how these other instances are linked to the exhausted claims. In short, allegation No. 44 does not meet the exception stated in *McClain*, and Pham offers no arguments suggesting that it does. This part of Defendants' motion is granted. Allegation No. 44 is dismissed without prejudice for failure to exhaust.

        b.     Failure to State a Claim

For Pham's other allegations, Defendants argue that he fails to make a prima facie case of discrimination. The Court agrees with Defendants that Pham doesn't allege direct evidence of discrimination. Defs.' Mem. [31] at 14. But the Court will not subject Pham's pleading to the burden-shifting test announced in *McDonnell Douglas Corp. v. Green*—as it would have done

6

had Rule 56 applied.  411 U.S. 792 (1973).  Unlike Rule 56, "a plaintiff need not make out a prima facie case of discrimination in order to survive a . . . motion to dismiss for failure to state a claim" under Rule 12(b)(6).  *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002)).

Still, the plaintiff "must plead sufficient facts on all of the *ultimate elements* of a disparate[-]treatment claim to make their case plausible."  *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (cleaned up) (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)).  For disparate-treatment claims like Pham's, that means "(1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* [his] protected status.'"  *Id.* at 767 (quoting *Raj*, 714 F.3d at 331).  Defendants say Pham pleaded neither.

*Adverse action:*  Defendants argue that a plaintiff asserting discrimination under Title VII must allege "an ultimate employment decision."  Defs.' Mem. [31] at 16.  That was true before the Fifth Circuit changed course in *Hamilton v. Dallas County*, 79 F.4th 494, 506 (5th Cir. 2023) (en banc).  After *Hamilton*, a plaintiff "need only show that [he] was discriminated against, because of a protected characteristic, with respect to hiring, firing, compensation, or the 'terms, conditions, or privileges of employment'—just as the statute says."  79 F.4th 494, 506 (5th Cir. 2023) (en banc) (quoting 42 U.S.C. § 2000e-2(a)(1)).  This requires a showing that the employment decision "brought about some 'disadvantageous' change in an employment term or condition."  *Muldrow v. City of St. Louis*, 601 U.S. 346, 354 (2024) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)).  A plaintiff must still, however, plead more than "de minimis workplace trifles."  *Id.* at 505.  The Court assumes without deciding that Pham has met this burden.

7

*Causation*.  Even with an adverse action, Pham still fails to state a Title VII discrimination claim because he offers no facts suggesting that he was discriminated against because of his Asian descent.  *See* Defs.' Mem. [31] at 15–16 (arguing Pham's claims of discriminatory intent are conclusory).

As noted, Title VII bans discrimination "based on race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-16(a).  It "does not protect employees from hostile conduct that is not based on their protected status."  *Farpella-Crosby v. Horizon Health Care*, 97 F.3d 803, 806 n.2 (5th Cir. 1996).  Nor is Title VII a "general civility code" for the workplace.  *Lauderdale v. Tex. Dep't of Crim. Just.*, 512 F.3d 157, 163 (5th Cir. 2007) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).  In other words, Title VII prohibits discriminatory employment decisions and not merely bad ones.  *See Deines v. Tex. Dep't of Protective & Regul. Servs.*, 164 F.3d 277, 281 (5th Cir. 1999).

For these reasons, a mere "assertion of racial discrimination" in a complaint "is a legal conclusion that the court is not required to accept and does not suffice to prevent a motion to dismiss."  *Richards v. JRK Prop. Holdings*, 405 F. App'x 829, 831 (5th Cir. 2010).  And that is what Pham offers.  Taking his non-conclusory allegations in the light most favorable to Pham, he claims Defendants subjected him to unfair censure, barriers to advancement, and hypercritical discipline.  While Pham believes these acts were due to his Asian descent, his "subjective belief of discrimination, however genuine, can[not] be the basis of judicial relief."  *Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983).  He needs facts linking those decisions to unlawful discrimination.  Absent that, Pham has not alleged enough facts to "raise the right to relief above the speculative level."  *Twombly*, 550 U.S. at 570; *see Raj*, 714 F.3d at 331.

The same problem exists for his hostile-work-environment claim, which "necessarily rests on an allegation that an employer has created 'a working environment heavily charged with . . . discrimination.'" *Id*. at 330–31 (quoting *Rogers v. EEOC*, 454 F.2d 234, 238 (5th Cir. 1971)). Pham must plead "facts that link the alleged [environment] with his race or national origin." *Id.* at 331. He hasn't.

The Court therefore grants Defendants' motion on Pham's Title VII claims. But district courts should not dismiss cases "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). Pham will be given that opportunity as to the Title VII claims. If he seeks leave to amend those claims, he must plead non-conclusory facts suggesting that the alleged actions were taken *because of* his race.

### 2. Equal Pay Act

Defendants say Pham's Equal Pay Act claim is time-barred and fails to state a claim. Defs.' Mem. [31] at 26. Though "dismissal under Rule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006).

The statute of limitations under the Act is two years. 29 U.S.C. § 255(a). Pham's Complaint lists allegations dating into 2015, the EEOC investigative report states that he quit in January 2016, and he sued in July 2023. Rpt. [30-1] at 8. The claim is untimely and therefore dismissed.

Amendment seems unlikely to cure this deficiency. But because the Court will allow Pham leave to amend his Title VII claims, he may also seek leave to amend his Equal Pay Act

9

claim to state why it's timely (if he can) and to address any failure to state an equal-pay claim as argued by Defendants.

### 3. Whistleblower Claims

Twice, Pham states his claims rest not only on Title VII and the Equal Pay Act but also upon the Whistleblower Protection Act of 1989 and the Whistleblower Protection Enhancement Act of 2012. Comp. [1] at 4, 20. It's not self-evident which of his allegations are pleaded under these acts, but allegation No. 13 reflects he "submitted a memo about inmates' concealing and moving of a dangerous contraband (an APC power converter/batter[y] unit)," but Pham feared to identify one of his supervisors as "the person who ordered the inmates to carry out the misconduct." *Id*. at 13–14.

Defendants acknowledge these claims, Defs.' Mem. [31] at 2, but never explain why they should be dismissed. While their brief does discuss "retaliation," it's in the Title VII context. *See, e.g.*, *id.* at 14–15 (listing elements of "prima facie case of discriminatory retaliation under Title VII").[2]

Absent a more direct statement that Defendants are asserting all the whistleblower arguments here, the Court will not at this point address them—though it has doubts whether those claims can survive another motion. That said, if Pham opts to present the Court with a proposed amended complaint, he should be clear which allegations are meant to support the

---

[2] Defendants did brief the whistleblower claims in their motion to dismiss filed in the Maryland district court. Defs.' Mem. [16-1] at 28–30. Their brief in this Court says it "retains the factual assertions and arguments previously asserted at ECF No. 16, but withdraws arguments already ruled on by Judge Xinis." Defs.' Mem. [31] at 1 n.1. Judge Xinis denied dismissal of Pham's whistleblower claims on jurisdictional grounds. Order [22] at 4. But her Order didn't address whether Pham stated a claim. *See id*. at 7 n.3 (reserving merits issues for transferee court). The Court finds that it would be inequitable to dismiss a pro se plaintiff's claims without a clearer incorporation of the prior arguments.

whistleblower claims and should add any further details that may round out such claims. *See Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1322 (Fed. Cir. 1999) (explaining elements of a Whistleblower Protection Act claim).

IV.    Conclusion

The Court has considered all arguments presented. Any not specifically addressed here would not affect the outcome. The motion to dismiss [30] is granted in part and denied in part. Pham's Title VII and Equal Pay Act claims are dismissed, but his whistleblower claims are not.

If Pham so chooses, he may file a motion within 14 days of this Order asking for leave to amend his Complaint. Failure to seek leave to amend will result in dismissal of those claims without further notice. As Local Uniform Civil Rule 15 requires, he must attach a copy of the proposed amended complaint to the motion. The case is stayed until the potential amendment issues are resolved.

**SO ORDERED AND ADJUDGED** this the 19th day of September, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE